UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSHON FOSTER,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN HECTOR RIOS, JR.,<br><br>    Respondent. | Case No.: 1:12-cv-01107-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner is a federal prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition was filed on July 6, 2012, challenging the Bureau of Prisons' ("BOP") authority to detain Petitioner and also challenging the sentence as excessive under federal law. (Doc. 1).

The petition indicates that on March 13, 2003, Petitioner was convicted in the United States District Court for the Southern District of New York, of the following crimes: (1) conspiracy to assault with a dangerous weapon, 18 U.S.C. § 1959(a)(6); (2) conspiracy to assault with a dangerous weapon, 18 U.S.C. § 1959(a)(3); and (3) using a firearm during and in relation to the aforementioned crimes, 18 U.S.C. § 924(c)(1). (Doc. 1, p. 3). (Id.). Petitioner was sentenced to concurrent terms of 8 years on the first two charges and to a ten-year term on the third, consecutive to the first two, for a total of eighteen years. (Id.). The United States Court of Appeals, Second Circuit, affirmed the convictions, and remanded the case to the district court for further proceedings, but the latter declined to alter

1

Petitioner's sentence. (Id.). Petitioner then filed a motion pursuant to 28 U.S.C. § 2255, which was denied in the sentencing court on July 14, 2008. On June 15, 2009, the Second Circuit declined to issue a certificate of appealability. (Id.).

Petitioner now brings this habeas petition, purporting to challenge the execution of his sentence, contending that the Bureau of Prisons ("BOP") lacks statutory authority to detain an individual, such as Petitioner, who has been sentenced pursuant to subchapter A of Chapter 227 (18 U.S.C. § 3581). Petitioner argues that only individuals sentenced under subchapter D may be detained. Petitioner also contends that his sentence exceeds that statutory maximum term authorized by law.

Because the Court has determined that Petitioner's claim challenges his original sentence, and therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, the Court will recommend that the instant petition be dismissed.

## **DISCUSSION**

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United

1  States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677
2  (9th Cir. 1990).
3      Petitioner's allegation that his sentence exceeds that statutory maximum authorized by law is a
4  clear challenge to his sentence, and must, therefore, be brought in the sentencing court under § 2255.
5  Similarly, although couched as a challenge to the BOP's authority to maintain custody of Petitioner,
6  his claim that he cannot be imprisoned based upon a sentence under subchapter A of Chapter 227, is
7  likewise a challenge to Petitioner's sentence because, essentially, he is contending that the sentence
8  imposed was defective under the governing statute to result in incarceration by the BOP.  It is, thus, in
9  the Court's view, a challenge to Petitioner's sentence.  However, the proper vehicle for challenging
10 such mistakes is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255,
11 not a habeas corpus petition.
12     Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under §
13 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the
14 validity of his detention."  Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States
15 v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255).  The Ninth Circuit has recognized that this
16 is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show
17 actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255
18 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not
19 inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3,
20 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.);
21 Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th
22 Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);
23 Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956);
24 see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of
25 § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on
26 the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d
27 76, 83 (9th Cir. 1963).
28

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. Ivy, 328 F.3d at 1060-1061. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-1061.

Here, Ivy is dispositive of Petitioner's claims. In that case, petitioner, who was convicted in 1993 in Missouri district court of engaging in a continuing criminal enterprise, contended in a habeas corpus petition filed pursuant to § 2241 in the District of Arizona, where he was confined, that he was actually innocent because the indictment did not charge him with the requisite three offenses to sustain a conviction for a continuing criminal enterprise. Ivy, 328 F.3d at 1058. After an unsuccessful appeal, Ivy filed motions pursuant to § 2255 in 1995, 1997, and 1999. Id. The original motion was denied on its merits, while the second and third motions were denied as second and successive motions. Id. In 2000, Ivy filed his federal habeas petition in the Arizona district court. Id. The district court, however, dismissed the petition because Ivy had not shown that § 2255 was either inadequate or ineffective. Id.

In affirming the district court's dismissal, the Ninth Circuit employed the two-part test discussed above, i.e., that petitioner must show he is factually innocent of the crime for which he had been convicted and that he has never had an "unobstructed procedural shot" at presenting this claim. Id. at 1059. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is <u>presently</u> barred from raising his claim of innocence by motion under 2255. He *must never have had* the opportunity to raise it by motion.

<u>Id</u>. at 1060 (emphasis supplied). Applying that standard, the Ninth Circuit rejected Ivy's claims, holding that the law regarding continuing criminal enterprises had not changed subsequent to his conviction and that he had indeed had an opportunity to raise such a claim in the past. <u>Id</u>. at 1061.

The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963). This Petitioner has failed to do. As in <u>Ivy</u>, Petitioner cannot establish that he has never had the opportunity to raise this issue; indeed, Petitioner indicates that he has previously presented a petition pursuant to § 2255 in the sentencing court that was denied in 2008. Thus, Petitioner acknowledges that he had a "unobstructed procedural shot" at raising this issue, whether his § 2255 petition actually raised this issue or not.

Accordingly, he has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that he may, or may not, now be procedurally barred by the AEDPA from obtaining further relief does not alter that conclusion. <u>Ivy</u>, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000) (same); <u>Tripati</u>, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); <u>Williams v. Heritage</u>, 250 F.2d 390 (9th Cir.1957); <u>Hildebrandt v. Swope</u>, 229 F.2d 582 (9th Cir.1956); <u>see United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

Moreover, Petitioner has failed to meet the second prong of the "savings clause" by showing that he is actually innocent of the charges against him. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Bousley v. United States</u>, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998)(*quoting* <u>Schlup v. Delo</u>, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995)); <u>Stephens v. Herrera</u>, 464 F.3d 895, 898 (9th cir. 2008). "[A]ctual innocence means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining,

petitioner's showing of actual innocence must also extend to those charges." Bousley, 523 U.S. at 623-624.  However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone by the Government in the course of plea bargaining.  See, e.g., id. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the United States Supreme Court has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity.  E.g., Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The "core idea" expressed in these cases is that the petitioner may have been imprisoned for conduct that was not prohibited by law.  Reyes-Requena, 243 F.3d at 903.  Such a situation is most likely to occur in a case that relies on a Supreme Court decision interpreting the reach of a federal statute, where that decision is announced after the petitioner has already filed a § 2255 motion.  This is so because a second or successive § 2255 motion is available only when newly discovered evidence is shown or a "new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Id. (emphasis supplied).  Because  § 2255 limits a second or successive petition to Supreme Court cases announcing a new rule of constitutional law, it provides no avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute under which he has been convicted.  Id.; see Lorentsen, 223 F.3d at 953 ("Congress has determined that second or successive [§ 2255] motions may not contain statutory claims."); Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000)("The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty…The savings clause has to be resorted to for [statutory claims] because Congress restricted second or successive petitions to constitutional claims.").  Obviously, "decisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct…necessarily carry a

significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" Bousley, 523 U.S. at 620. To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).

    Here, Petitioner has made no express claim that he is actually innocent of the three charges for which he was convicted and which give rise to the sentences he now challenges. Instead, Petitioner makes a technical argument about the legal sufficiency of the sentences imposed to support BOP custody. Nevertheless, such a claim goes only to the sentence, not to Petitioner's actual, and factual, innocence for the crimes giving rise to those sentences. Thus, Petitioner has failed to meet either prong of the "savings clause."

    In sum, § 2255 motions must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865. Because this Court is only the custodial court and construes the instant petition as a § 2255 motion, this Court lacks jurisdiction over the petition. Hernandez, 204 F.3d at 864-865. Should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## **RECOMMENDATION**

    Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED.

    This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 20 days after being served with a copy of this Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within 10 court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 5, 2012**                             **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE